GEORGE STOLL AND JOHN S. STOLL, PLAINTIFFS, v. FRED T. SCHANTZ AND ANDREW SCHANTZ, DEFENDANTS.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *King & Vogt.*

*Contra, Samuel D. Williams.*

PER CURIAM.

This is a rule for new trial allowed to the plaintiff John S. Stoll by the Circuit Court judge and limited to the question of damages only. The action was to recover damages for personal injuries received in a collision between an automobile driven by the plaintiff and an automobile of the defendant Fred T. Schantz, driven by his servant, Andrew Schantz. The injuries sustained by the plaintiff were a fractured pelvic bone and bruises about the body, from which he suffered severe pain and incurred expenses aggregating $223. From the evidence it appeared that he was in the hospital one week and in bed at his home for six weeks thereafter, subsequently for a considerable time being able to get about only with crutches. The verdict was for $445.

It is objected by the respondents that the learned trial judge was without authority to thus limit the rule. This is not so. In the case of *Gyorfy* v. *Levy,* 1 *N. J. Mis. R.* 157, it was held under rule 83 of the Practice act of 1912 (*Pamph. L., p.* 399), which provides that, "a rule to show cause why a new trial

should not be granted may, in the discretion of the court, be special, and then the question shall be heard and decided on the grounds upon which the question was allowed" (now embodied in the Supreme Court rule 130), that the Circuit Court judge could grant such special rule, subject, of course, to the higher power of this court to modify or enlarge the rule. We have not been asked to enlarge the rule.

It is next objected that the evidence taken at the trial on the question of liability is not before the court. The hearing of this evidence on the amount of the verdict is not apparent, but in any event it appears from the respondents' admissions in their brief that objection was made to the sufficiency of the state of the case in accordance with rule 126. Application was then made to the trial judge who settled the case adversely to the respondents' contention. The record as it stands is therefore all that is or properly can be placed before us on this rule and from it we think the verdict is so grossly inadequate as to require a new trial on the amount of the damages.

Rule absolute as to damages only.